BOWNE (ALEXANDRIA v.). See Case No. 180.

## Case No. 1,742.

### BOWNE v. ARBUNCLE et al.

[Pet. C. C. 233.][1]

Circuit Court, D. Pennsylvania. April Term, 1816.

COSTS—COLLECTION—ATTACHMENT FOR.

Practice, as to granting an attachment for costs, against the plaintiff and his securities. For such costs as the plaintiff is liable, the court will grant an attachment.

[Cited in Hoyt v. Byrd, Case No. 6,807; Re Stover, Id. 13,507; Goodyear v. Sawyer, 17 Fed. 5.]

This was a rule obtained by the attorney, clerk and marshal, officers of this court, upon the lessees of the plaintiff, and his sureties for costs; to show cause, why an attachment should not issue against them, for their fees in the above suit, and one other, for services rendered to them, and for which they are liable. It appeared that in one of the cases, judgment was rendered against the defendant; and in the other, against the casual ejector, the tenant having refused to enter into the common rule.

Mr. Wallace for the plaintiff [Bowne's lessee] and his securities, showed cause, and contended, for the securities, that according to the form of the recognizance entered into by them, they are discharged from their liability, the plaintiff having succeeded in both actions. The form is, that if the plaintiff does not prosecute his suit to effect, and does not pay the costs of his suit, the sureties will pay the same. As to the plaintiff, he admitted he was liable for such of the fees as the officers might, according to the practice of this state, have required to be paid down, but not for the others. [Rule absolute.]

[For discharge of rule to dismiss a bill of recovery, see Case No. 2,035; for verdict on the trial, see Case No. 1,990; and for award of costs on dismissal of bill of discovery, see Case No. 1,743.]

Mr. Sergeant, for the motion.
Mr. Wallace, contra.

WASHINGTON, Circuit Justice. The recognizance or obligation entered into by the sureties in this case, was given under a rule of court, obtained upon the ground of the residence of the plaintiff being out of this district. The form which has been devised for this purpose, is totally different from that which was contemplated by the standing rule of the court, the object of which was, to secure the officers' fees at all events; leaving the plaintiff to recover them from the defendant, when he succeeded on the trial. According to the form of the undertaking, in this case, it is clear that the securities are discharged from liability; one of the conditions not having taken place, upon which they bound themselves to pay. As to the plaintiff himself, he is certainly liable for

[1] [Reported by Richard Peters, Jr., Esq.]

fees legally due by him to the officers; and the court will enforce the payment of the same by an attachment. The form of the recognizance to be entered into by the securities must be changed in respect to future cases, so as to conform to the intention of the rule of court. Rule made absolute as to the plaintiff.